IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICOLE HANNA, | § | |
| Plaintiff, | § § § | |
| V. | § | 1-15-CV-582 RP |
| INTEGRITY RECOVERY SOLUTIONS, LLC, d/b/a CORE RESOURCE PARTNERS, and DAMONE JAMES, individually, | § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment, filed December 16, 2015 (Clerk's Dkt. #12). After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

On July 9, 2015 Plaintiff Nicole Hanna filed this action in this Court naming as defendants Integrity Recovery Solutions, LLC, d/b/a Core Resource Partners ("Integrity"), and Damone James ("James"), individually. Plaintiff alleges she incurred a financial obligation that went into default (the "Account"). The Account was subsequently transferred to Integrity for collection. Plaintiff states she disputed the Account and was subjected to unlawful debt collection efforts by both Integrity and James. (Compl. ¶¶ 20-48). Plaintiff alleges claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), the Texas Finance Code, and the North Carolina Fair Debt Collection Practices Act, as well as common-law claims for invasion of privacy and unreasonable collection efforts. By way of the complaint, Plaintiff requests actual damages, statutory damages, exemplary damages and injunctive relief, as well as attorneys' fees and costs.

Plaintiff has now filed a motion requesting entry of default judgment based on Defendants' failure to file a response or otherwise defend.

## II. LEGAL STANDARD

A defendant's default "does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also* 10A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 3688 at 63 ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

## III. DISCUSSION

The Court has little trouble finding the entry of default is procedurally warranted in this case. The record shows Defendants were properly served on October 24, 2015. To date, neither has made an appearance or filed any pleading. Their failure to do so is a sufficient basis for the entry of default. *See* FED. R. CIV. P. 55(a) (when party has failed to plead or otherwise defend, the clerk must enter the party's default).

However, the Court finds Plaintiff's motion for default judgment falls short of establishing a legal basis for the relief requested for several reasons. As an initial matter, the Court notes Plaintiff's motion addresses only her claims under the FDCPA, the Texas Finance Code, and the North Carolina Fair Debt Collection Practices Act. She does not seek judgment on her common-law claims for invasion of privacy and unreasonable collection efforts. Nor does Plaintiff indicate whether she wishes to dismiss those claims. Accordingly, her motion leaves the status of those claims unclear.

As to the claims on which Plaintiff does seek relief, her pleadings fail to provide an

adequate basis for the relief sought. As set forth above, the Fifth Circuit has made clear there must be a sufficient factual and legal basis for entry of default judgment, and a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. More recently, the Fifth Circuit has interpreted that mandate as subject to the standards of Rule 8 of the Federal Rules of Civil Procedure and the cases interpreting that standard. *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Plaintiff has asserted each of the defendants is a "debt collector,""third party debt collector" and a "collection agency" as required for relief under the FDCPA, the Texas Finance Code and North Carolina Fair Debt Collection Practices Act. (Compl. ¶¶ 11-13, 17-19). She further asserts the Account is a "debt" and a "consumer debt" as defined under those statutes. (*Id*. ¶¶ 23–25). Absent from Plaintiff's complaint are any factual allegations supporting those assertions, however. Accordingly, they are insufficient to meet the Rule 8 standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (legal conclusions are not entitled to the assumption of truth).

The Court is also troubled by the thin support in Plaintiff's pleadings for her requests for damages. In her complaint, Plaintiff states that Defendant "made telephone calls to [her] to collect the Account." (Compl. ¶ 30). She provides details of only six. (*Id*. ¶¶ 31-35).

In pertinent part, North Carolina law provides that a violating collection agency may be liable to a debtor "for a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation." N.C. GEN. STAT. § 58-70-130. In her motion, Plaintiff requests $80,000 in statutory damages for the alleged violations of North Carolina law. (Plf. Mot. at 6). In support, she asserts that Defendants committed twenty violations of North Carolina law. Plaintiff provides no support for that assertion. Nor does she explain why the Court should grant her the maximum damages contemplated under North Carolina law.

Plaintiff also seeks actual damages in the amount of $5,000 under the FDCPA, the Texas

Finance Code and the North Carolina Fair Debt Collection Practices Act. In support of that request Plaintiff simply points to her allegation that Defendants "intruded on [her] solitude, seclusion, and private affairs, and such intrusion would be highly offensive to a reasonable person." (Compl. ¶ 59). Plaintiff has not provided any evidence detailing what the intrusion was or the nature of the humiliation and mental anguish she suffered as a result.

Finally, the Court notes that Plaintiff has also requested an award of attorneys' fees. This request is supported by an affidavit from Plaintiff's counsel. However, while the motion and affidavit discuss the appropriate hourly rate, the only evidence concerning the number of hours billed is counsel's statement that "the time incurred for my services is approximated 12.3 hours." (Plf. Mot. Ex. A ¶ 10). This is insufficient for the Court to assess the reasonableness of Plaintiff's request. *See, e.g.,* Local Court Rule CV-7(j) (describing support necessary for making claims for attorney's fees)

### IV. CONCLUSION

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Default Judgment (Clerk's Dkt. #12) without prejudice.

**SIGNED** on January 28, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE